**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MIGUEL RAMIREZ-VALDEZ, | No.    16-73518 |
| Petitioner, | Agency No. A088-967-691 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Carlos Miguel Ramirez-Valdez, a native and citizen of El Salvador, petitions

pro se for review from the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and relief under the Convention Against

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part, dismiss in part, grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Ramirez-Valdez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Silaya*, 524 F.3d at 1073.

We lack jurisdiction to review Ramirez-Valdez's contention regarding his membership in a particular social group based on his family because it was not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

As to Ramirez-Valdez's withholding of removal claim based on the particular social group of small business owners, the government argues the case should be remanded because the BIA did not have the benefit of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal), when it issued its order. Thus, we grant the petition for review and remand Ramirez-Valdez's

withholding of removal claim for the BIA to determine the impact, if any, of this decision. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; and REMANDED.**